**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq.
205 E Main St, Suite 3-2
Huntington, NY 11743
(914) 552-2669
tim@talegalgroup.com
*Counsel For Plaintiff Mildred Ayala*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILDRED AYALA,<br><br>Plaintiff,<br><br>- against -<br><br>HUB INTERNATIONAL LTD, HUB INTERNATIONAL NORTHEAST LTD., HUB INTERNATIONAL, INC., and HUB INTERNATIONAL GROUP NORTHEAST INC.,<br><br>Defendants, | Case No.:<br><br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Mildred Ayala ("Plaintiff" or "Ms. Ayala"), by and through her undersigned counsel, TA Legal Group PLLC, hereby files this Complaint ("Complaint") for unlawful discrimination based on age and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and breach of contract (or in the alternative to breach of contract, promissory estoppel and/or unjust enrichment) against Defendants HUB International LTD., HUB International Northeast LTD., HUB International, Inc, and HUB International Group Northeast Inc., (referred to collectively herein as "Defendants" or "HUB").

1

## INTRODUCTION

1. Ms. Ayala, a longtime former employee of HUB, brings this case to hold Defendants accountable for subjecting her to unlawful discrimination based on the basis of age and retaliation, and breach of contract for repeated protected complaints as described below.

2. Ms. Ayala, a 63-year-old employee, successfully led the Long Island Personal Lines Team at HUB International for 12 years, generating significant profits for the company.

3. Despite her contributions, HUB International demonstrated animus toward Ms. Ayala due to her age and her refusal to retire despite her age. This animus culminated in discriminatory and retaliatory actions, as detailed below.

4. Defendants HUB International Ltd. and HUB International Northeast Limited are each Delaware limited partnerships that operate in the state of New York.

5. Defendants HUB International, Inc. and HUB International Group Northeast Inc. are each Delaware corporations that operate in the state of New York. Each of the Defendants individually meets the definition of an "employer" under the ADEA with respect to Ms. Ayala.

6. Collectively, Defendants comprise a "single employer"[1] for purposes of the ADEA. Defendants have interrelated operations, centralized human resources and control of labor relations, common senior management, and common ownership and financial control.

7. As discussed herein, Ms. Ayala seeks to hold Defendants accountable for its unlawful actions.

## **CLAIMS**

8.      Pursuant to the ADEA, Ms. Ayala seeks to hold Defendants liable for subjecting her to age-based discrimination, harassment, and retaliation in response to Ms. Ayala's protected activity during her employment and Ms. Ayala's submission of an EEOC charge. In connection with her ADEA claims, Ms. Ayala seeks declaratory, injunctive, and equitable relief, and monetary damages, including economic damages, compensatory damages, punitive damages, and attorneys' fees and costs.

9.      Pursuant to New York State Human Rights Law, New York State Human Rights Law, New York State Executive Law, Article 15 §§ 290 et seq. ("NYSHRL"), Ms. Ayala looks to hold Defendant liable for unlawful age discrimination, harassment and retaliation, and seeks damages including declaratory, injunctive and equitable relief, and monetary damages including economic damages, compensatory damages, punitive damages and attorneys' fees and costs.

10.     Pursuant to the New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), Ms. Ayala seeks to hold Defendant liable for age discrimination, harassment, retaliation and seeks damages including declaratory, injunctive and equitable relief, and monetary damages, including economic damages, compensatory damages, punitive damages, and attorneys' fees and costs.

11.     Ms, Ayala further seeks all applicable damages for breach of contract, or in the alternative, promissory estoppel andd/or unjust enrichment.

## **JURISDICTION, VENUE, AND STATUTORY PREREQUISITES**

12.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28

U.S.C.§ 1367.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

14. Plaintiff's claims under New York State and New York City law were tolled by the State of New York from March 23, 2020 through November 3, 2020, for 228 days in connection with the state of emergency declared in connection with COVID-19 and Executive Order (A Cuomo) 202.8. and subsequent orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60,202.67, 202.72 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60,8.202.67, 8.202.72. *Matter of Echevarria v Board of Elections in the City of NY*, 183 A.D.3d 857, 858, 122 N.Y.S.3d 904 [2d Dept, May 21, 2020]).

15. Alternatively, there is diversity jurisdiction. Ms. Ayala and Defendants are diverse with respect to corporate citizenship. Ms. Ayala seeks in excess of $75,000 with respect to each of Defendants and with respect to Defendants in aggregate.

16. Collectively, Defendants comprise a "single employer" for purposes of all causes of action asserted. Defendants have interrelated operations, centralized human resources and control of labor relations, common senior management, and common ownership and financial control.

17. HUB International holds overall managerial control and operational oversight, and provides human resources services for all of Defendants, including with respect to Ms. Ayala and her employment.

18. Defendants satisfies the ADEA employee threshold and employed 4 or more employees at all times relevant.

19. Plaintiff has satisfied all administrative and jurisdictional prerequisites for this action. Plaintiff filed EEOC Charges as against all Defendants and received right to sue notices with respect to all Defendants less than 90 days before this filing.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## THE PARTIES

21. Ms. Ayala is a resident of Suffolk County.

22. Defendants HUB International Ltd. and HUB International Northeast Limited are each Delaware limited partnerships that operate in the state of New York.

23. Defendants comprise a "single employer" or "single integrated enterprise" for purposes of all causes of action asserted.

## STATEMENT OF FACTS

24. Ms. Ayala, a 63-year-old employee, successfully led the Long Island Personal Lines Team at HUB International for 12 years, generating significant profits for the company.

25. Ms. Ayala was employed by the Defendants from 2012 until 2024.

26. **December 2022:** Ms. Ayala informed her supervisor, Brad Taylor of her intention to transfer to a remote position, an eminently reasonable request as Ms. Ayala successfully managed the Long Island Personal Lines/Private Client Division remotely during COVID.

27. **August 11, 2023:** During a meeting, Ms. Ayala's subsequent supervisor, Ms. Dionisio (approximately 45-50 years old), directly asked Ms. Ayala when she planned to retire. Ms. Ayala responded that she had no intention of retiring.

28. Ms. Dionisio subsequently directed Ms. Ayala to approach team members in Long Island she believed might be considering retirement based on their ages, inquire about their

retirement plans, and report back to her. This directive demonstrates HUB's common discriminatory policy targeting employees in Ms. Ayala's age range. Ms. Ayala reserves the right to seek collective certification under the ADEA as allowed by law.

29. **February 2024:** Ms. Dionisio advised that Ms. Ayala that she was approved to work remotely in Spain, pending finalization of ancillary details of the agreement between Ms. Ayala and HUB.

30. **Early April 2024:** Ms. Ayala discussed the plan for her continued employment with HUB International in a remote position with Ms. Dionisio, expressing again that she had no intention of retiring from the company.

31. **April 22, 2024:** Ms. Ayala reconfirmed via email to Ms. Dionisio that she had no plans to retire. In response, Ms. Dionisio raised vague "issues" regarding Ms. Ayala's longstanding agreement to work remotely from Spain starting in April 2024, suggesting HUB intended to rescind the offer despite the prior preliminary guarantees. Ms. Dionisio even suggested that Ms. Ayala was being terminated. Ms. Ayala replied to this email, stating:

> *"I did not resign, nor did I advise I was retiring at this time, so I can only conclude that I am being terminated as of today based on this email. Odd feeling, considering that in my 45 years in the industry, I have never been terminated from a position."*

Following this exchange, Ms. Ayala was effectively placed on de facto suspension as a result of ageist animus; HUB appeared displeased that Ms. Ayala had not taken the hint and retired.

32. **May 28, 2024:** Ms. Ayala reiterated her refusal to retire during further discussions. Instead of addressing her concerns, HUB International provided obfuscation and false assurances. In subsequent correspondence, Ivy Fisher, COO, encouraged Ms. Ayala to leave the company reflecting ageist animus.

33. **September 6, 2024:** A HUB employee working under Ms. Dionisio in New York City, who had been providing Ms. Ayala updates on HUB's purported efforts to facilitate her remote work arrangement, informed Ms. Ayala that HUB would terminate her employment. Previously, this employee had assured Ms. Ayala that HUB was working to maintain her position. However, in an abrupt reversal, the employee advised Ms. Ayala to seek a remote position elsewhere. When Ms. Ayala asked whether the contact would facilitate her agreed-upon position with HUB, the employee became hostile, accused Ms. Ayala of trying to "set [her] up," and vowed not to communicate with her further.

34. This employee's sudden hostility and termination of their prior friendly relationship suggest that HUB and Ms. Dionisio punished or threatened the employee for assisting Ms. Ayala. This further demonstrates HUB's animus toward Ms. Ayala for refusing to retire and its discriminatory treatment of older employees.

35. **September 7, 2024:** Ms. Ayala sent an email to Ms. Dionisio explicitly raising concerns about age discrimination.

36. **September 13, 2024:** In response to Ms. Ayala's email, HUB did not deny the claims of age discrimination, instead assuring Ms. Ayala again (in an email from Ivy Fisher) that the approvals and third-party contract necessary for her remote work in Spain would be finalized by mid-October. This assurance was false.

37. Ms. Ayala received no updates in mid-October, despite the foregoing representation, and despite following up with a letter sent by her counsel detailing her claims against HUB, including the age discrimination claim, on October 4, 2024. This letter constituted further protected activity.

38. **November 11, 2024:** Ms. Ayala was informed that HUB International had decided to deny her remote work arrangement and terminate her employment. This decision was made shortly after Ms. Ayala's protected complaints of age discrimination on September 7, 2024, and October 4, 2024, establishing a clear temporal connection between her complaints and the adverse action.

39. Notably, HUB International failed to explain its refusal to facilitate Ms. Ayala's remote work arrangement, despite being a large multinational company with the resources to do so.

40. HUB additionally has current job postings for remote positions that do not require applicants to be based in the United States.

41. Further, employees younger than Ms. Ayala have been permitted to work remotely, further demonstrating disparate treatment based on age.

42. The foregoing factors each show age discrimination and retaliatory animus.

43. HUB breached contractual agreements with Ms. Ayala to facilitate a remote position and pay her for same.

44.

45. As a direct and proximate result of HUB's unlawful actions, Ms. Ayala has suffered greatly, including, but not limited to, monetary damages, reputational and professional damages, and extreme mental and physical anguish and distress that has disrupted her personal life and resulted in the loss of enjoyment of the pleasure of everyday life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

- A declaratory judgment that the practices complained of herein are unlawful under

ADEA, NYSHRL, and the NYCHRL.

- An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein.

- Awards of monetary damages under the ADEA, NYSHRL, and the NYCHRL totaling $5 million, including awards of:

    o Economic Damages: Compensation for lost back and front wages, bonuses, benefits, retirement plan losses, and other economic harms resulting from Defendants' discriminatory and retaliatory actions.
    o Compensatory Damages: Compensation for emotional distress, humiliation, and damage to Mr. Maan's professional reputation caused by Defendants' conduct.
    o Punitive Damages: Punitive damages to deter Defendants and others from engaging in similar unlawful conduct in the future.

- An award of damages for breach of contract totaling $100,000.

- An award of attorneys' fees and Costs and expenses incurred in pursuing the action.

- An award of pre-judgment and post-judgment interests, costs and expenses of this action together with attorneys' and expert fees and statutory penalties;

- Appointment of Plaintiff as collective action representative with respect to similarly situated employees pursuant to the ADEA.

- Any additional relief the Court deems just and proper to remedy the harm caused by Defendants' unlawful actions.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    Huntington, NY
           May 4, 2025

                            Respectfully Submitted,
                            **TA LEGAL GROUP PLLC**

           By:      _____
                            Taimur Alamgir, Esq.
                            205 E Main Street, Suite 3-2
                            Huntington, NY 11743
                            Tel. (914) 552-2669